**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FEB 25 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

---

CONG MA,

                    Petitioner,

    v.

PAMELA BONDI, Attorney General,

                    Respondent.

No. 21-325

Agency No.
A209-779-453

MEMORANDUM*

---

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 13, 2026**
Honolulu, Hawaii

Before: BYBEE, R. NELSON, and FORREST, Circuit Judges.
Dissent by Judge FORREST,

Cong Ma petitions for review of the Board of Immigration Appeals' (BIA)

decision to deny asylum and withholding of removal. We deny the petition. We

also deny the motion to stay removal. *See* Dkt. No. 3.

"Our review is limited to those grounds explicitly relied upon by the Board."

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

*Budiono v. Lynch*, 837 F.3d 1042, 1046 (9th Cir. 2016). "Because the BIA expressed agreement with the reasoning of the IJ, this court reviews both the IJ and the BIA's decisions." *Kumar v. Holder*, 728 F.3d 993, 998 (9th Cir. 2013). We review the agency's factual findings under the substantial evidence standard and must treat those findings as conclusive "unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see Garland v. Ming Dai*, 593 U.S. 357, 368 (2021).

Under that standard, the agency provided sufficient grounds to support the adverse credibility determination. Ma's asylum interview and later testimony before the immigration judge were inconsistent as to how much compensation her family was offered for the demolition. It was also inconsistent as to the size of the demolished home—with Ma stating in her asylum interview that the home was about 400 square meters and stating it was 200 square meters in immigration court. Ma also failed to submit photos she allegedly possessed showing the threats that were inscribed on her home, or photos of the home before and after the demolition. We must treat the BIA's findings as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary," and the analysis by the immigration and the BIA are more than sufficient to uphold the adverse credibility determination. 8 U.S.C. § 1252(b)(4)(B); *see also Ming Dai*, 593 U.S. at 368;

*Shrestha v. Holder*, 590 F.3d 1034, 1039 (9th Cir. 2010).

Nor does Ma's argument that her asylum interview notes should not have been admitted change this conclusion. Ma argues that the admission of the notes was unfair because she could not cross-examine the asylum officer. But Ma was asked about those discrepancies on her own cross-examination and given ample opportunity to make any clarifications before the IJ. Ma argues she addressed those concerns, but the IJ was not required to accept her explanation for the discrepancies. *Li v. Garland*, 13 F.4th 954, 961 (9th Cir. 2021). None of Ma's arguments suffice to demonstrate that any reasonable factfinder would be compelled to find her credible. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

Finally, the immigration judge and the BIA's treatment of Ma's corroborating evidence does not warrant granting her petition. The agencies' adverse credibility finding—even when considering the corroborating evidence—survives the applicable "highly deferential standard of" whether "any reasonable adjudicator would be compelled to conclude to the contrary." *Aden v. Holder*, 589 F.3d 1040, 1046 (9th Cir. 2009). The corroborating evidence does nothing to rebut the inconsistencies the IJ pointed to in Ma's testimony to find her not credible (namely inconsistencies in the amount the Chinese government offered for the house, inconsistencies in the size of the house, and Ma's failure to show relevant photos). And the evidence of demolition the dissent discusses does not undermine the specific

3                                                                            21-325

justifications the IJ provided in making an adverse credibility determination either.

**PETITION DENIED.**

*Ma v. Bondi*, No. 21-325
FORREST, Circuit Judge, dissenting:

I cannot join the majority in upholding the agency's adverse credibility finding on the present record. Assessing a petitioner's credibility "under the REAL ID Act must be based on the *totality* of the circumstances." *Shrestha v. Holder*, 590 F.3d 1034, 1044 (9th Cir. 2010) (emphasis added) (citation omitted). The agency "should consider and address" relevant evidence that both detracts from and supports a person's credibility. *Id.* And it is well settled that when an applicant's testimony is not sufficiently credible to support her claim, "the [Immigration Judge] must give the applicant notice of the corroboration that is required and an opportunity either to produce the requisite corroborative evidence or to explain why that evidence is not reasonably available." *Yali Wang v. Sessions*, 861 F.3d 1003, 1009 (9th Cir. 2017) (citation omitted). In this case, the Immigration Judge (IJ) concluded that corroborating evidence was necessary, and Petitioner Cong Ma presented such evidence, but neither the IJ nor the Board of Immigration Appeals (BIA) considered it in full. That error requires a remand.

Ma alleges that she came to the Unites States after Chinese authorities demolished her family's home and refused to pay fair compensation, which she protested. Because of discrepancies in Ma's statements about the size of the home and the compensation offered by Chinese authorities, among other things the IJ

1

deemed implausible about Ma's testimony, the IJ did not believe Ma's story and stated that she "needs corroboration." Specifically, the IJ explained that corroboration was necessary to show that Ma's "family owned the house." Ma presented corroborating evidence, but the IJ addressed only part of it. For example, while the IJ discussed documentation related to the property, the IJ incorrectly asserted that the letter from Ma's parents "does not discuss the demolition at all, strangely enough." In fact, this letter stated that "[their] entire village was demolished by the government" and they "could not imagine[] [their] daughter would have been arrested and beaten by the government because she went to protest [their] rights to the government."

The IJ also ignored other potentially corroborating evidence entirely, including letters from one of Ma's neighbors who stated that she "share[d] the same experience in regard to forced demolition of [their] homes," and a co-worker who stated that she spoke to Ma during and after the demolition and visited her in the hospital after her beating. *See Cole v. Holder*, 659 F.3d 762, 772 (9th Cir. 2011) (noting that indications that the agency did not consider the full record "include misstating the record and failing to mention highly probative or potentially dispositive evidence"). Ma raised this overlooked evidence on appeal to the BIA, but the BIA worsened the problem by ignoring Ma's corroborating evidence entirely. As a result, we can only speculate whether the BIA considered the entire record.

The majority sidesteps the agency's failure by reasoning that there were "sufficient grounds to support the adverse credibility determination." Maj. Op. at 2. In doing so, it offers a post-hoc rationalization for the agency's decision—something longstanding precedent does not allow us to do. *See SEC v. Chenery Corp.*, 332 U.S. 194, 196 (1947); *accord Recinos De Leon v. Gonzales*, 400 F.3d 1185, 1189 (9th Cir. 2005). We have little reason to think that the IJ's adverse credibility decision was based on anything other than her doubt that Ma's family in fact owned a house that was demolished by the government, given that her (incomplete) corroboration analysis centered on potential proof of those facts. Because the potential corroborating evidence ignored by the IJ directly opposes the basis of her adverse-credibility determination, I disagree with the majority that it "does not undermine the . . . justifications the IJ provided," Maj. Op. at 3–4, and I respectfully dissent. I would grant Ma's petition and remand with instructions for the agency to consider all the evidence in rendering its decision.